UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| GEM CITY MANAGEMENT INC.,<br><br>                        Plaintiff,<br><br>-against-<br><br>JEFFREY RINDE, CKR LAW LLP, DONALD HIRSCH, MONSTER CAPITAL CORP., SAFARI TRADING LLC, AND RICK SIEGEL,<br><br>                        Defendants. | Civil Action No.: 1:21-cv-07676<br><br>**DECLARATION OF JEFFREY A. RINDE IN SUPPORT OF MOTION TO COMPEL ARBITRATION** |

JEFFREY A. RINDE declares, pursuant to 28 U.S.C. 1746, as follows:

1.  I am an individual defendant named in the above-captioned action (the "Action"). I am also the managing attorney of Defendant CKR Law LLP ("CKR" and together with Mr. Rinde, the "CKR Defendants").

2.  I am over the age of eighteen and competent to make this declaration. I make this declaration in support of the motion to compel Plaintiff Gem City Management Inc. ("Plaintiff") to arbitrate all of their claims against the CKR Defendants, to dismiss the CKR Defendants, and to stay the remainder of this action pending a final award.

3.  Annexed hereto as Exhibit A is a true and correct copy of the Escrow Agreement referenced in the First Amended Complaint (the "FAC"). The Escrow Agreement is the only agreement relating to this matter to which either of the CKR Defendants is a party.

4.  The Escrow Agreement includes an arbitration provision that requires all disputes concerning matters relating to the Escrow Agreement to be submitted to arbitration.

5.  The Complaint filed by Plaintiff in this action refers to other transactions in which

1

CKR acted as escrow agent. It is my understanding that counsel for Plaintiffs were aware of these other transactions by way of a proceeding commenced by CKR on September 25, 2020 in the Southern District of New York and which sought judgment compelling parties to those transactions (and the transactions that are the subject of this action) to submit to arbitration before JAMS International. That proceeding is styled *CKR Law LLP v. Anderson International Investments LLC, et al.*, Case No. 20-cv-7973. On June 28, 2021, after lengthy proceedings to effectuate service by other means on certain respondents, Judge Rakoff entered default judgment compelling respondents in the Anderson Action to submit to arbitration before JAMS International. *See CKR Law LLP v. Anderson Invs. Int'l, LLC*, 2021 U.S. Dist. LEXIS 114647, at *16 (S.D.N.Y. June 21, 2021).

6. Not only does the Escrow Agreement in this action provide for broad exculpation of CKR for acts or omissions in its role as escrow agent to the transactions that are the subject of Plaintiff's FAC, in relevant part, the Escrow Agreement provides an arbitration provision as follows:

> In the event of any differences or dispute of whatever nature arising from this Agreement (which shall include any failure to agree on any matter which requires the Escrow Parties' agreement for the purposes of implementation of this Agreement) or any other matter related thereto which cannot be settled by direct negotiation within thirty (30) days after either of the Escrow Parties has notified the other Party in writing of the existence of the dispute, such differences or dispute shall be referred to and finally settled by binding arbitration in City, County and State of New York."

Escrow Agreement at ¶ 15.

7. As such, the claims against the CKR Defendants should not have been instituted in this forum, Plaintiff should be compelled to arbitrate all of their claims against the CKR Defendants.

WHEREFORE, I respectfully request that the Court enter an Order compelling Plaintiff to

arbitrate all of their claims against the CKR Defendants, dismissing the CKR Defendants, and staying the remainder of this action pending a final award in the arbitration.

I declare under penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct.

Dated: New York, New York
January 31, 2022

_____
Jeffrey A. Rinde